UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| STACY CALVERT, on behalf of herself and all similarly situated persons, | ) ) ) | |
| Plaintiffs, | ) ) | 2:11-CV-00333-LRH-PAL |
| v. | ) ) | ORDER |
| ALESSI & KOENIG, LLC, a Nevada Limited Liability Company; DOE individuals 1 through 20 inclusive and ROE Corporations 1 through 20 inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Before the court is Plaintiff Stacy Calvert's Motion for Class Certification (#11[1]). Defendant Alessi & Koenig, LLC has not responded.

This is a putative class action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, and the Nevada Deceptive Trade Practices Act ("NDTPA"), N.R.S. § 598.0923, based on Defendant's debt collection activities. Plaintiff requests certification of a class of consumers with Nevada addresses who, within one year prior to the filing of this action on March 2, 2011, were sent a collection letter by Defendant in a form materially identical or substantially similar to the form letter attached to the complaint, and the letter was not returned by

---

[1] Refers to court's docket entry number.

the postal service as undelivered.  Plaintiff prays for actual and statutory damages and declaratory relief under the FDCPA, such additional damages as are allowed under the NDTPA, including punitives damages, and attorneys fees and costs.

Notwithstanding the fact that Plaintiff's motion is unopposed, the court may certify a class action "only if" each of the four prerequisites of Rule 23(a) and one of the requirements of Rule 23(b) are satisfied.  Fed. R. Civ. P. 23.  The party seeking class certification bears the burden of establishing these requirements.  *Dukes v. Wal-Mart,* Inc., 509 F.3d 1168, 1176 (9th Cir. 2007).  Lack of opposition to a motion for certification does not lighten the movant's burden or truncate the court's inquiry.  A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982).  "[A]ctual, not presumed, conformance with Rule 23(a) remains . . . indispensable." *Id.* at 160; *accord In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 33 (2d Cir. 2006) ("[T]he requirements of Rule 23 must be met, not just supported by some evidence.").

Having reviewed Plaintiff's supporting papers and the pleadings on file, the court concludes that Plaintiff has failed to carry her burden in at least two respects.  First, Plaintiff has failed to establish that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  While Plaintiff has submitted evidence that the collection letter at issue is a form letter, Plaintiff's assertion that the letter was "mass mailed" to Nevada residents is pure speculation, unsupported by any evidence in the record.  Nor can the court presume numerosity based merely on the facts that the proposed class is statewide and covers a one-year duration.  Because Plaintiff has presented no evidence whatsoever of the likely number of class members, the court cannot find the numerosity requirement satisfied.  *Cf. Abels v. JBC Legal Grp., P.C.*, 227 F.R.D. 541 (N.D. Cal. 2005) (finding numerosity satisfied upon the defendant's admission that it sent similar or identical collection letters to at least 10,000 persons).

2

Second, Plaintiff has also failed to establish that "the representative parties will fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). "This factor requires: (1) that the proposed representative Plaintiffs do not have conflicts of interest with the proposed class, and (2) that Plaintiffs are represented by qualified and competent counsel." *Dukes*, 509 F.3d at 1185. Here, Plaintiff has presented no evidence whatsoever as to the qualifications and competency of proposed class counsel. Counsel's perfunctory argument in Plaintiff's motion is not evidence.

Because Plaintiff has failed to satisfy at least two of the requirements for class certification, Plaintiff's motion must be denied. The court therefore need not address and makes no findings as to whether the remaining requirements have been satisfied.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Class Certification (#11) is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 18th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3